Lady v. Douglass.

this issue of fact the finding is in favor of defendants. The suit was properly dismissed.

AFFIRMED.

Day, J., not sitting.

---

VAN B. LADY, ADMINISTRATOR, APPELLANT, V. GEORGE W. DOUGLASS, APPELLEE.

FILED DECEMBER 31, 1920.   No. 20799.

1. Negligence: MOTOR VEHICLES: UNLAWFUL RATE OF SPEED. When a driver of a motor vehicle exceeds the speed limit provided by statute, such driving is not negligence *per se*, but is to be considered by the jury with all of the evidence and circumstances of the case in passing on the question of negligence.

2. ———: ———: ———. "If a driver of a motor vehicle runs it at a rate of speed 'forbidden by ordinances enacted for the safety of the general public, and injuries result, these facts afford reasonable grounds for inferring negligence prejudicial to the rights of those in whose interests and for whose protection such municipal regulations were adopted.' *Omaha Street R. Co. v. Duvall*, 40 Neb. 29." *Stevens v. Luther*, ante, p. 184.

APPEAL from the district court for Douglas county: WILLIAM A. REDICK, JUDGE. *Affirmed.*

*T. W. Blackburn*, for appellant.

*H. H. Baldrige*, contra.

DEAN, J.

Mrs. Catherine Zweifel, 69 years of age, was struck by an automobile driven by the defendant in Omaha and from the resulting injuries she died within a few hours. Van B. Lady, administrator of her estate, sued to recover damages alleged to have been sustained by the next of kin on account of her death. The jury returned a verdict for defendant, the suit was dismissed, and plaintiff appealed. On appeal the case was heard by the supreme court commission and on its recommendation the judgment

was reversed. Subsequently, on defendant's application, a rehearing was allowed and the case has been reargued and submitted to the court.

Mr. C. M. Buck is a postal employee, and he and his wife were the only eye-witnesses called by plaintiff. Mr. Buck testified that they were out walking on the Sunday evening of the accident; that he saw Mrs. Zweifel just before the accident about two blocks away. He further testified: "Q. Did she walk these two blocks as rapidly as you did? A. She must have, about as rapidly as we did. Q. And you were going pretty fast? A. We were going in a hurry to get home on account of the rain; yes, sir." In his testimony he said in detail that Mrs. Zweifel continued her walk, and that she walked rapidly from the southeast corner of Twenty-fifth avenue and Fort street to the northeast corner of the intersection, and that she was looking straight ahead to the northwest and did not at any time look toward the east, the point from whence defendant's car was approaching; that the car was lighted, and there was no obstruction between it and Mrs. Zweifel as it approached from the east, nor was there any machine or wagon moving in that immediate vicinity; that she stepped in front of the car, and that as nearly as he could tell she was looking toward the northwest while the car at the time was moving toward the west; that when she was struck she was possibly 3 or 4 feet north of the north rail of the street car tracks; that in his opinion the car was going 10 or 12 miles an hour; that the scene of the accident was in a resident district about 4½ miles away from the business center of the city. Mrs. Buck on the cross-examination corroborated the material testimony of her husband. She said that Mrs. Zweifel walked rapidly across the intersection and was looking toward the northwest and did not look toward the east from whence the automobile was approaching; that there was no obstruction between Mrs. Zweifel and the machine, nor did she see any other machines on the street nor any street cars passing at the time; that the night was dark and rainy; that she

and her husband walked rapidly on account of the rain; that Mrs. Zweifel likewise walked at a rapid pace apparently to get out of the rain; that it seemed to her that she stepped immediately in front of the automobile.

Mr. Ennis, his wife, and Mrs. Griffith, who were eye-witnesses, were called by defendant. Mr. Ennis testified that the defendant's car at the time was running at a rate of 8 to 10 miles an hour; that he was walking with his wife and Mrs. Griffith, and that while they were walking a block the car ran about a block and a half; that the car was lighted and the top was up; that a light rain was falling; that he, his wife, and Mrs. Griffith "were walking at a fair rate." Mrs. Ennis testified that she saw the defendant as he approached the scene of the accident, and that "he was not going much faster than we were walking, but we were walking as fast as we could walk on account of the mist, we wanted to get home on account of the rain;" that her party walked a little more than one-half block while defendant drove a block; that when Mrs Zweifel was picked up her clothing was not soiled, and that she did not look as though she had been dragged over the street. Mrs. Griffith lived four blocks from the intersection in question. She testified that her party was walking west on Fort street; that defendant's car passed them, but was not going much faster than they walked; that the car ran a block while they walked a half block; that when Mrs. Zweifel was assisted to her feet her clothing was not apparently disarranged.

Defendant testified that on the night of the accident he and his wife were returning from church services; that the car was a five-passenger Allen equipped, and lighted at the time, with 16 or 18-candle power Westinghouse lights; that as he approached the intersection he had the car under control; that it was running from 6 to 8 miles an hour while in the intersection; that he drove cautiously because of the falling rain; that the first intimation that he had of Mrs Zweifel's presence was when she appeared as a dark object immediately in front of the radia-

tor; that he did not know at the time what the object was; that he saw no person in front of the car within the radius of the lights; that he did not know from what direction she came nor from which side of the car and he did not have time to stop until after the impact; that the wind shield was down and he could see clearly because the lights extended 10 or 12 feet in front of the car and 2 or 3 feet on each side and the dimmers were on; that the light on the street corner did not throw as much light as his car; that as soon as he saw the object in front he immediately pulled into the curb and stopped; that after the impact the car moved not more than 25 feet; that he could have stopped it in less than that distance, but that he wanted to clear the object before stopping; that he did not see her at any time before the car struck her; that he immediately went back and found Mr. and Mrs. Buck and Mr. and Mrs. Ennis assisting her to her feet; that he circled the car around where Mrs. Zweifel was and with the others assisted her into the car and took her home; that Mrs. Zweifel was picked up at the place where she fell; that her clothing did not indicate that she had been dragged on the street; that after they took her home he immediately took his car and returned with Doctor Ross to attend the injured woman. Doctor Ross, who was the only physician to testify described her condition and said that there was no̅ ̅ing about her person or clothing to indicate that she had been dragged over the street.

Substantial conflict does not appear in the material evidence of those who witnessed the accident. But in any case the jury passed on the weight of the evidence submitted. It seems clear that decedent in her haste to escape the rain did not take precaution for her safety. This material fact seems to have been established by plaintiff's and defendant's witnesses. It appears too that the part of the city where the accident occurred was not thickly settled and that few persons were on the street at an hour so late as 9 o'clock. It is argued by plaintiff that the court erred in that it did not instruct the jury on compara-

Lady v. Douglass.

tive negligence (Rev. St. 1913, sec. 7892), but plaintiff tendered no instruction on either comparative or contributory negligence, and as we find that negligence on the part of defendant was not established by the evidence, it follows that error cannot be predicated upon this assignment.

Plaintiff argues that defendant exceeded the speed limit in violation of the law, then in force but since repealed (Laws 1919, ch. 222), which provided that the driver of a motor vehicle, "when crossing an interesection of streets within any city or village," should not run such vehicle at a rate of speed exceeding six miles an hour. Rev. St. 1913, sec. 3049. He insists that defendant, exceeded a speed of six miles an hour as shown by his own evidence and that of other witnesses, and that his act in so doing constituted negligence *per se,* and he argues that the jury should have been so instructed. We do not think so. The correct rule is determined in *Stevens v. Luther, ante,* p. 184, wherein our former decisions on this question are reviewed and the rule laid down in *Omaha Street R. Co. v. Duvall,* 40 Neb. 29, is adhered to. It is there held in substance that the violation of such a statute as that under consideration here is evidence for the jury to consider in connection with all the other facts and circumstances in evidence. Under the facts in the record the jury were properly instructed on this point.

In view of our conclusion, we find it unnecessary to discuss the question of damages presented in the record. We do not find reversible error. Our former judgment is therefore vacated, and the judgment of the district court is

AFFIRMED.